Richard C. Busse, OSB #74050
*rbusse@busseandhunt.com*
R. Kyle Busse, OSB  #07099
*kbusse@busseandhunt.com*
BUSSE & HUNT
521 American Bank Building
621 SW Morrison Street
Portland, OR 97205
Telephone: (503) 248-0504
Facsimile:  (503) 248-2131

        Attorneys for Plaintiff


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL JEROME, | Case No. CV06-991-KI |
| Plaintiff, | PLAINTIFF'S REQUESTED JURY INSTRUCTIONS |
| v. | |
| PROVIDENCE HEALTH SYSTEM - WASHINGTON, a Washington non-profit corporation, | |
| Defendant. | |

Plaintiff respectfully requests that the Court give the following jury instructions.

DATED this 7th day of November, 2008.

                        BUSSE & HUNT


                        s/ Richard C. Busse
                        RICHARD C. BUSSE, OSB #74050
                        Of Attorneys for Plaintiff Michael Jerome


**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 1

<u>PLAINTIFF'S REQUESTED UNIFORM INSTRUCTIONS</u>

1.      Ninth Circuit Model Jury Instruction No. 1.1 - Duty of Jury

2.      Ninth Circuit Model Jury Instruction No. 1.3 - Burden of Proof - Preponderance of the Evidence

3.      Ninth Circuit Model Jury Instruction No. 1.6 - What is Evidence

4.      Ninth Circuit Model Jury Instruction No. 1.7 - What is Not Evidence

5.      Ninth Circuit Model Jury Instruction No. 1.9 - Direct and Circumstantial Evidence

6.      Ninth Circuit Model Jury Instruction No. 1.11 - Credibility of Witnesses

7.      Ninth Circuit Model Jury Instruction No. 4.2 - Liability of Corporations - Scope of Authority Not In Issue

8.      Ninth Circuit Model Jury Instruction No. 5.3 - Damages - Mitigation

9.      Ninth Circuit Model Jury Instruction No. 5.4 - Damages Arising in the Future - Direct to Present Cash Value

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 2

<u>PLAINTIFF'S REQUESTED INSTRUCTION NO. 10</u>

**Wrongful Discharge**

The first claim for you to decide is whether Plaintiff was wrongfully discharged.  To establish a claim for wrongful discharge, Plaintiff must prove by a preponderance of the evidence that his taking family leave was a substantial factor in Defendant's discharge decision. Plaintiff does not have to show that his family leave was the only factor in Defendant's discharge decision, just that it was a substantial factor in its decision.

A substantial factor is a factor that makes a difference in the decision.

_____

Oregon Uniform Civil Jury Instruction (UCJI), No. 56.03 (2006) (modified)

*Estes v. Lewis and Clark College*, 152 Or. App. 372, 954 P.2d 792 (1998)

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 3

<u>PLAINTIFF'S REQUESTED INSTRUCTION NO. 11</u>

**Disability Association Discrimination - Elements and Burden of Proof**

Federal law and Oregon law prohibit disability association discrimination in employment decisions.

The next claim for you to decide is whether Defendant terminated Plaintiff because of his association with a family member with a disability.

To establish a claim of disability association discrimination, Plaintiff must prove the following elements by a preponderance of the evidence:

(1)    A member of Plaintiff's family had a disability within the meaning of the ADA;

(2)    Defendant discharged Plaintiff; and

(3)    Plaintiff's association with a disabled family member was a motivating factor in Defendant's decision to discharge Plaintiff.  It is not necessary for Plaintiff to prove that his association with a disabled family member was the sole or exclusive reason for Defendant's decision.

---------------------------------------------

Ninth Circuit Model Civil Jury Instruction (MCJI), No. 12.1C (2008) (modified)

*Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1063-66 (9th Cir. 2005)

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 4

<u>PLAINTIFF'S REQUESTED INSTRUCTION NO. 12</u>

**Disability Within The Meaning of the ADA**

An individual with a disability under federal and state law includes three distinct

categories:

(1) an individual who has a physical or mental impairment that substantially limits a

major life activity;

(2) an individual who has a record of a substantially limiting impairment; or

(3) an individual who is regarded as having a substantially limiting impairment.

Physical impairments include any physiological disorder or condition affecting one or

more of the following body systems: neurological, musculoskeletal, special sense organs,

respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary,

hemic and lymphatic, skin and endocrine.

Major life activities include functions such as caring for oneself, performing manual

tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

An impairment substantially limits a major life activity if the individual is significantly

restricted as to the condition, manner or duration under which an individual can perform a

particular major life activity as compared to the condition, manner, or duration under which the

average person in the general population can perform the same major life activity.   The term

/ / / /

/ / / /

/ / / /

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 5

"substantially" suggests "considerable" or "to a large degree."  It does not mean an utter

inability.

_____

42 U.S.C. § 12102(2)

O.R.S. 659A.100

29 C.F.R. § 1630.2

*Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 196 (2002)

*Bragdon v. Abbott*, 524 U.S. 624, 641 (1998)

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 6

PLAINTIFF'S REQUESTED INSTRUCTION NO. 13

**Regarded As Disabled**

An individual is regarded as disabled where the individual:

(1) has a physical or mental impairment that does not substantially limit a major life activity but is treated by an employer as constituting such a limitation;

(2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or

(3) does not have an impairment but is treated by an employer as having a substantially limiting impairment.

_____

29 C.F.R. § 1630.2(l)

O.R.S. 659A.400(2)(c).

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 7

PLAINTIFF'S REQUESTED INSTRUCTION NO. 14

**Family Leave Discrimination**

The final claim for you to decide is whether Defendant discharged Plaintiff because he requested and/or took family medical leave.

To establish a claim for family leave discrimination, Plaintiff must prove the following elements by a preponderance of the evidence:

(1)     Plaintiff requested and/or took family medical leave;

(2)     Defendant discharged Plaintiff; and

(3)     A motivating factor in Defendant's discharge of Plaintiff was because he requested or took family medical leave.  It is not necessary for Plaintiff to prove that his requesting and/or taking medical leave was the sole or exclusive reason for Defendant's decision.  It is only that he prove the leave or leave request was a motivating factor in making its discharge decision.

_____

29 U.S.C. § 2615

*Washington v. Fort James Operating Co.*, 110 F. Supp. 2d 1325, 1330 (D. Or. 2000)

*Price v. Multnomah County*, 132 F. Supp. 2d 1290, 1296 (D. Or. 2001)

*Gibson v. City of St. Louis*, 336 F.3d 511, 514 (6th Cir. 2003)

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 8

PLAINTIFF'S REQUESTED INSTRUCTION NO. 15

**Damages - Preliminary Instruction**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on any of his claims, you must determine his damages. Damages means the amount of money which will reasonably and fairly compensate Plaintiff for any injury you find Defendant caused.

There are three types of damages alleged in this case; economic, noneconomic, and punitive damages.

Plaintiff must prove economic and noneconomic damages by a preponderance of the evidence and prove punitive damages by clear and convincing evidence under state law and a preponderance of the evidence under federal law.

_____

Ninth Circuit Model Civil Jury Instruction, No. 5.1 (2008) (modified)

Oregon Uniform Civil Jury Instruction, No. 70.01 (2006) (modified)

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 9

<u>PLAINTIFF'S REQUESTED INSTRUCTION NO. 16</u>

**Economic Damages**

Economic damages are the objectively verifiable monetary losses Plaintiff has incurred or will probably incur.  In determining the measure of economic damages, you should consider the following:

1.      the reasonable value of Plaintiff's economic loss to the present time; and

2.      the economic loss that Plaintiff will, with reasonable probability, suffer in the future.

_____

Ninth Circuit Model Civil Jury Instruction, No. 5.2 (2008) (modified)

Oregon Uniform Civil Jury Instruction, No. 70.03 (2006) (modified)

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 10

<u>PLAINTIFF'S REQUESTED INSTRUCTION NO. 17</u>

**Noneconomic Damages**

The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages.  However the law requires that all damages awarded be reasonable.  You must apply your own considered judgment to determine the amount of noneconomic damages.

In determining the amount of noneconomic damages, consider the sum that will compensate Plaintiff for any emotional distress that Plaintiff has suffered and which it is reasonably probable Plaintiff will suffer in the future.

_____

Ninth Circuit Model Civil Jury Instruction, No. 5.2 (2008) (modified)

Oregon Uniform Civil Jury Instruction, No. 70.02 (2006) (modified)

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 11

<u>PLAINTIFF'S REQUESTED INSTRUCTION NO. 18</u>

**Punitive Damages - Oregon**

If Plaintiff prevails on either his wrongful discharge or his disability association

discrimination claim, you must consider whether to award punitive damages.

Punitive damages may be awarded to a plaintiff in addition to economic or noneconomic

damages to punish a defendant and to deter defendant and others from committing similar acts

in the future.

To recover punitive damages under Oregon law, Plaintiff must show by clear and

convincing evidence that Defendant either:

(1)     has acted with malice, or

(2)     has shown a reckless and outrageous indifference to a highly unreasonable risk

        of harm and has acted with a conscious indifference to the welfare of others

Clear and convincing evidence is evidence that makes you believe that the truth of the

claims is highly probable.

Malice means an intentional act done without justification or excuse.

If you decide that Defendant has acted as claimed by Plaintiff, you have the discretion to

award punitive damages.  In the exercise of that discretion, you may consider the importance to

society in deterring similar misconduct in the future.

If you decide to award punitive damages, you may also consider the following items in

fixing the amount:

(1)     The character of Defendant's conduct;

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 12

(2)      Defendant's motive;

(3)      The sum of money that would be required to discourage Defendant and others

from engaging in such conduct in the future; and

(4)      The income and assets of Defendant.

_____

Oregon Uniform Civil Jury Instructions No. 75.02 (2006) (modified)

O.R.S. 31.730(1)

*Howard v. Waremart, Inc*., 147 Or App 135, 140, 935 P2d 432 (1997)

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 13

<u>PLAINTIFF'S REQUESTED INSTRUCTION NO. 19</u>

**Punitive Damages - Federal**

If you find for Plaintiff on his disability association discrimination claim, even if you find Plaintiff has not proven he is entitled to punitive damages by clear and convincing evidence under Oregon state law, you may, but are not required to, award punitive damages under federal law, where Plaintiff has the burden of proving entitlement to punitive damages by a preponderance of the evidence.

You may award punitive damages under federal law if you find that Defendant's conduct was malicious, or in reckless disregard of Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of Plaintiff's rights if Defendant knew that it may be acting in violation of federal law when it terminated Plaintiff.

If you find punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may consider the degree of reprehensibility of Defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on Plaintiff.

_____

Ninth Circuit Model Civil Jury Instructions, No. 5.5 (2008) (modified)

*Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535-36 (1999)

*Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1197-98 (9th Cir. 2002)

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REQUESTED JURY INSTRUCTIONS
Page 14