**Jeffrey J. Druckman**, OSB No. 792148
E-mail address:  jeff@jjdlaw.com
**Janine C. Blatt**, OSB No. 922323
E-mail address:  janine@jjdlaw.com
Druckman & Blatt, P.C.
0424 S.W. Iowa Street
Portland, Oregon 97239
Telephone:  (503) 241-5033
Facsimile:  (503) 241-9033

        Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **MICHAEL JEROME**, | 06-CV-991-KI |
|         Plaintiff, | **DEFENDANT'S REQESTED JURY INSTRUCTIONS** |
|    v. | |
| **PROVIDENCE HEALTH SYSTEM – Washington, a Washington non-profit corporation**, | |
|         Defendant. | |

        Defendant requests that the court give the following Ninth Circuit Model Civil Jury Instruction:

        1.  Ninth Circuit Model Instruction No. 5.4 - Damages Arising In The Future—Discount To Present Cash Value.

        Defendant further requests that the court give the following Oregon Uniform Civil Jury Instruction:

**Page 1** – Jury Instructions

1. Oregon Uniform Civil Jury Instruction No. 56.01 – Employment At Will.

Defendant also requests the following instructions specific to the case, attached hereto:

1. Business Judgment

2. Good Faith Belief

3. The Family Medical Leave Act

4. Wrongful Discharge

5. Elements of a Retaliatory Discharge Claim under the Family Medical Leave Act (Defendant requests that Instruction 3 or 4 be given, but not both. See LR 51.1(d)(4) ("The principle stated in one instruction must not be repeated in any other instruction.")

6. Substantial Factor Defined

7. The Americans with Disabilities Act

8. Elements of an ADA Claim

9. Definition of Disability

10. Definition of Decision-maker

11. Damages

12. Duty to Mitigate Damages

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

**Business Judgment**

An employer has the right to make business decisions - to assign work, to change an employee's duties, to refuse to assign a particular job, and to discharge - for good reason, bad reason, or no reason at all, absent an unlawful or discriminatory motive.

> *Walker v. AT&T Technologies*, 995 F.2d 846 (8th Cir. 1993) (reversible error not to give business judgment instruction).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

### Good Faith Belief

In evaluating the legitimacy of an employer's reason for discharge, it is not necessary that you find that the alleged reason for discharge actually in fact occurred. You need only find that substantial evidence existed to support the employer's decision and that the employer believed the evidence and acted in good faith.

> *Simpson v. Western Graphics Corp.*, 293 Or. 96, 99 (1982)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

### The Family Medical Leave Act

Two of Mr. Jerome's claims involve a law called the Family Medical Leave Act.  This law entitles an eligible employee to take up to twelve weeks of unpaid leave during any twelve-month period for several reasons, including to care for a spouse or child with a serious health condition.

29 U.S.C. § 2612.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

### Wrongful Discharge

Wrongful discharge of an employee is an exception to employment at will.  To recover for wrongful discharge, Mr. Jerome must prove that:

1. Providence discharged Mr. Jerome from employment;

2. A substantial factor in the decision-maker's decision to discharge Mr. Jerome was that he took leave under the Family Medical Leave Act; and

3. Mr. Jerome has been damaged as a result of the discharge.

> Oregon Uniform Civil Jury Instruction No. 56.02 (adapted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

**Elements of a Retaliatory Discharge Claim under the Family Medical Leave Act** (Defendant requests that Instruction 3 or 4 be given, but not both. See LR 51.1(d)(4) ("The principle stated in one instruction must not be repeated in any other instruction."))

A retaliatory discharge based on an employee's use of family medical leave is an exception to the employment at will doctrine.

To prevail on this claim, Mr. Jerome must prove that:

1. Mr. Jerome took leave under the Family Medical Leave Act;

2. Providence discharged Mr. Jerome;

3. Providence's decision-maker discharged Mr. Jerome because he took leave under the Family Medical Leave Act; and

4. Mr. Jerome has been damaged as a result of the discharge.

> 29 U.S.C. § 2615; Ninth Circuit Model Instruction 10.3 (adapted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

### Substantial Factor Defined

To find that Mr. Jerome's discharge was wrongful, you must find that his use of family medical leave was a substantial factor in Providence's decision to discharge him.  You need not find that Mr. Jerome's use of family medical leave was the only factor in the decision to discharge the plaintiff.

A substantial factor is a factor that makes a difference in the decision to discharge the employee.  That is, the employee would not have been discharged without that motive.


>Oregon Uniform Civil Jury Instruction No. 56.03 (adapted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

### The Americans with Disabilities Act

Mr. Jerome has brought a claim of employment discrimination based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA. Mr. Jerome also has brought the same claim under Oregon state law. Both claims will be referred to in these instructions as the ADA.

Under the ADA, an employer may not exclude or otherwise deny equal jobs or benefits to an employee because of the known disability of an individual with whom the employee is known to have a relationship or association.

Mr. Jerome claims that his spouse and/or children have disabilities that were known to his employer and that his relationship to his spouse and/or children was the reason for Providence's decision to discharge him. Providence denies these allegations and says that its decision to discharge Mr. Jerome was based upon a lawful reason.

>Ninth Circuit Model Instruction No. 12.1A (adapted); 42 U.S.C. § 12112(b)(4); ORS 659A.112(2)(d); ORS 659A.139.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

### Elements of an ADA Claim

To prevail on his ADA claim, Mr. Jerome must prove each of the following elements by a preponderance of the evidence:

1. One or more of Mr. Jerome's immediate family members has a disability within the meaning of the ADA;

2. Providence's decision-maker knew that one or more of Mr. Jerome's immediate family members has a disability within the meaning of the ADA;

3. Providence's decision-maker discharged Mr. Jerome solely because of the disability of one or more of Mr. Jerome's immediate family members.

If you find that Mr. Jerome has proved each of these elements, your verdict should be for the plaintiff on this claim. If, on the other hand, Mr. Jerome has failed to prove any of these elements, your verdict should be for Providence on this claim.

> Ninth Circuit Model Instruction 12.1B (adapted);
> 42 U.S.C. § 12112(b)(4); ORS 659A.112(2)(d).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

### Definition of Disability

A "disability" within the meaning of the ADA is a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, engaging in sexual relations, reproducing, interacting with others, and working.

A limitation is substantial if the person is unable to perform the major life activity or is significantly restricted as to the condition, manner or duration under which the person can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

> 29 C.F.R. § 1630.2(j); Ninth Circuit Model
> Instruction 12.2 (adapted); ORS 659A.100(1)(c).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

### Decision-maker Defined

A decision-maker is the agent of the employer who made the decision to discharge Mr. Jerome or any person who sufficiently influenced the decision-maker to the extent of becoming the actual decision-maker.

> *Kitchen v. WSCO Petroleum Corp.*, 481 F. Supp. 2d 1136, 1148 (D. Or. 2007).

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11**

**Damages**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Jerome on any of his claims, you must determine his damages. Mr. Jerome has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. Noneconomic damages, which is the mental and emotional pain and suffering experienced by Mr. Jerome, except that this type of damages is not available if the only claim on which you find in favor of Mr. Jerome is his statutory family medical leave retaliation claim;

2. Economic damages, which may include:

a. Back pay, which is the reasonable value of wages lost to the present time;

b. Front pay, which is the reasonable value of wages and employee fringe benefits which with reasonable probability will be lost in the future. Front pay is intended to be

temporary in nature and you must limit any award of front pay to compensate only for the period of time you find will be necessary for Mr. Jerome to obtain a new job of like kind, status and pay if he makes a reasonable effort;

      c.   The actual cost of replacement health insurance benefits purchased by Mr. Jerome to the present time; and

      d.   The uninsured, out-of-pocket medical expenses for which Mr. Jerome would have been reimbursed under the employer's insurance plan from the date Providence discharged him to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

> Ninth Circuit Model Instruction 5.1; Ninth Circuit Model Instruction 5.2; Ninth Circuit Model Instruction 11.7A; *Galindo v. Stoody Co.*, 793 F.2d 1502, 1517 (9th Cir. 1986).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

### Duty to Mitigate Damages

Mr. Jerome has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. Providence has the burden of proving by a preponderance of the evidence:

    1. That Mr. Jerome failed to use reasonable efforts to mitigate damages; and

    2. The amount by which damages would have been mitigated.

Therefore, if Providence proves either:

    a.   That Mr. Jerome unjustifiably failed to take a new job of like kind, status, and pay which was available to him, or

    b.   That Mr. Jerome failed to make reasonable efforts to find such new job;

you must subtract from any award of economic damages the amount of money and employee benefits you find that Mr. Jerome could have earned from the time he could have obtained such new job or should have obtained such new job, had he made reasonable efforts to find such new job.

                        Ninth Circuit Model Instruction 5.3 (adapted);
                        Ninth Circuit Model Instruction 11.7A (adapted).

Dated this 7th day of November, 2008.

        DRUCKMAN & BLATT, P.C.


        /s/Jeffrey J. Druckman
        Jeffrey J. Druckman
        OSB No. 792148
        jeff@jjdlaw.com


        /s/Janine C. Blatt
        Janine C. Blatt
        OSB No. 922323
        Telephone:  (503) 241-5033
        Facsimile:  (503) 241-9033
        janine@jjdlaw.com

        Attorneys for Defendant

I hereby certify that I served the foregoing **Defendant's Requested Jury Instructions** on:

    Richard C. Busse
    Busse & Hunt
    621 S.W. Morrison Street
    Suite 521
    Portland, Oregon 97205

    Attorney for Plaintiff

by the following indicated method or methods:

☐   by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐   by causing a full, true, and correct copy thereof to be **hand-delivered** to the attorney at the attorney's last-known office address listed above on the date set forth below.

☒   by **electronic filing** with the District Court's CM/ECF system. The CM/ECF system generated Notice of Electronic Filing constitutes proof of service upon a Filing User in accordance with the Fed. R. Civ. P. 5(d).

☐   by **faxing** a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office on the date set forth below.

    Dated this 7th day of November, 2008.

                                /s/Jeffrey J. Druckman
                                _____
                                Jeffrey J. Druckman
                                Attorney for Defendant

**Page 1** – Certificate of Service